UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAN HOWITT,

    Plaintiff,

      v.                            CIVIL ACTION NO. 25-10100-MPK

CHA CAMBRIDGE HOSPITAL, et al.,

    Defendants.

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND REVIEW OF THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)
June 27, 2025

KELLEY, U.S.M.J.

Dan Howitt, who is representing himself, has filed a civil complaint in which he alleges that while receiving medical treatment at CHA Cambridge Hospital ("the Hospital"), the Hospital and its employees unlawfully discriminated against him on the basis of his disability. *See* #1. Howitt has also filed a motion for leave to proceed *in forma pauperis* (#2) and a motion for equitable tolling of the statute of limitations (#3).[1]

For the reasons set forth below, the Court will grant the motion to proceed *in forma pauperis*, deny without prejudice the motion for equitable tolling, and direct Howitt to show cause why this action should not be dismissed.

---

[1] Howitt has also filed a motion for leave to file electronically (#4) which the Court will grant by separate order.

I.   **Motion for Leave to Proceed in Forma Pauperis**

Upon review of Howitt's motion for leave to proceed *in forma pauperis*, the Court concludes that Hewitt has adequately shown that he is unable to pay the filing fee. Accordingly, the motion (#2) is GRANTED.

II.  **Motion for Equitable Tolling**

In this motion, Howitt asks that under the doctrine of equitable tolling, the applicable statute of limitations be extended. He represents that a 2016 email demonstrates that he was "threatened into inaction" from presenting his claims to the Court. (#3 at 1.) The motion (#3) is DENIED without prejudice to Howitt raising the issue of equitable tolling if the timeliness of this action becomes relevant to the adjudication of this case.

III. **Review of the Complaint**

When a plaintiff is proceeding *in forma pauperis*, the Court may conduct a preliminary review of the complaint and dismiss any claims that are malicious or frivolous, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting this review, the Court construes Howitt's complaint liberally because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

A.   **Complaint**

Howitt brings this action against the Hospital (including its Patient Relations Department), and Hospital employees. In his complaint, Howitt represents that he has been diagnosed with Autism Spectrum Disorder, Major Depressive Disorder, and Post Traumatic Stress Disorder. He claims that while receiving treatment at the Hospital, the defendants interacted with him in a derogatory, impatient, angry, and demeaning manner and even denied

him treatment because of his mental disability.  According to Howitt, these alleged actions constituted unlawful discrimination based on disability.  Howitt also alleges that when he reported this conduct to certain defendants, they did not believe him, refused to investigate, and even retaliated against him for making the accusations.

Howitt asserts claims under (1) Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("Title III"), and M.G.L. ch. 272, § 98, both of which broadly prohibit disability discrimination in any place of public accommodation; (2) 42 U.S.C. § 12203, which prohibits retaliation against someone who has opposed a practice made unlawful under Title III; and (3) M.G.L. ch. 111, § 70E(a), which enumerates the rights of patients.  Howitt also brings one claim for defamation.

Howitt's complaint is in 39 counts, twenty-one of which assert claims under Title III for unlawful discrimination or under 42 U.S.C. § 12203 for unlawful retaliation or coercion.  (#1 at 17-27.)  For each of these counts, Howitt seeks general and punitive damages in an unspecified amount, an injunction prohibiting the defendant identified in that count from "engaging in such a violation against [him] and others." *Id*.

Howitt's complaint contains a section titled "Background at Middlesex Superior Court." *Id.* at 4.  In this section, Howitt states that, on May 8, 2023, he filed a complaint against the defendants in Middlesex Superior Court, and he provides the case number for that action: 2381CV01308.[2]  Howitt alleges that he followed the court's directive on more than one

---

[2] [2] Based on the state court docket number Howitt provides in his complaint, it is clear he is referring to *Howitt v. CHA Cambridge Hospital*, 2381CV01308 (Middlesex Super. Ct., Mass.). The electronic docket of the case is available to the public through the website https://www.masscourts.org/eservices/home.page.  The Court may take judicial notice of this action.  *See Wiener v. MIB Group, Inc.*, 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings

3

occasion, but that "due to encountering substantial disability symptoms," he "was not able to improve the causes of action section as [the court] asked." *Id.* Howitt reports that, "because [he] had done several amended complaints from 5/2023 onward, [the court] dismissed [the amended complaint] with prejudice." *Id.* The Superior Court judge subsequently denied Howitt's motion for reconsideration. *Id.* Howitt believes that the state court "ignored" its duty to construe *pro se* filings less stringently than those filed by attorneys. *Id.*

**B.    Discussion**

To state a claim upon which relief may be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where it is clear from the face of the complaint and other documents subject to judicial notice that the action will not survive a common affirmative defense, the complaint fails to state a claim upon which relief may be granted. *See Bock v. Jones*, 549 U.S. 199, 215 (2007); *Rivera-Rosario v. LSREF2 Island Holdings, Ltd., Inc.*, 79 F.4th 1, 2 (1st Cir. 2023).

Res judicata is a common affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), which prevents a plaintiff from bringing certain claims that the plaintiff litigated or could have litigated in an earlier action (claim preclusion) or from relitigating an issue actually decided in a litigant's prior case (issue prelusion). *See Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411-12 (2020).[3] To determine whether Howitt's earlier state court action against the

---

have relevance to the matters at hand." (quoting *Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

[3] The doctrine of res judicata "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Cruz Berrios v. Gonzalez-Rosario*, 630 F.3d 7, 11 (1st Cir. 2010) (alteration in original; footnote omitted) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Hospital has preclusive effect on this action, the Court must look to the preclusion law of Massachusetts. "Disposition of [a] federal action, once [a] state-court adjudication is complete, [is] governed by preclusion law." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, (2005). Under the full faith and credit statute, 28 U.S.C. § 1738, "a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered." *In re Sonus Networks, Inc., S'holder Derivative Litig.*, 499 F.3d 47, 56 (1st Cir. 2007). Thus, if, under Massachusetts law, the preclusive effect of the judgment against Howitt in the state action against the Hospital for disability discrimination would bar him from reasserting the disability discrimination claims asserted in the present action, the action is similarly barred in this Court. *Id.*

Under Massachusetts law, "[c]laim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." *Laramie v. Philip Morris USA Inc.*, 488 Mass. 399, 405 (2021) (quoting *O'Neill v. City Manager of Cambridge*, 428 Mass. 257, 259 (1998)). "Three elements must be established to show claim preclusion: '(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.'" *Id.* (quoting *DaLuz v. Dep't of Corr.*, 434 Mass. 40, 45 (2001)).

Here, it appears likely that all of Howitt's federal claims for disability discrimination and retaliation are barred by claim preclusion because a similar case he filed in state court was dismissed with prejudice. By Howitt's own admission, the present action is another iteration of the pleadings he filed or attempted to file in the state court case. According to Howitt, he has now "reconstructed [his] complaint so that it hopefully better complies with civil-procedure in the sense of being more focused, clear, and succinct." (#1 at 4.)

If, indeed, the disability discrimination claims in this action were raised or could have been raised in the state court action, all the elements of claim preclusion are met.[4] The earlier action was dismissed with prejudice for failure to state a claim upon which relief may be granted, which constitutes a final judgment on the merits for purposes of claim preclusion. *See Saade v. Wilmington Tr., Nat'l Ass'n*, 494 Mass. 1013, 1015 (Mass. 2024) ("[D]ismissal for failure to state a claim operates as a dismissal on the merits with res judicata effect." (ellipses omitted) (quoting *Mestek, Inc. v. United Pac. Ins. Co.*, 40 Mass. App. Ct. 729, 731 (1996))); *Commonwealth v. Hernandez*, 481 Mass. 582, 595 (2019) ("In Massachusetts, as elsewhere, a trial court judgment is final for purposes of res judicata or issue preclusion regardless of the fact that it is on appeal."). The Hospital is a defendant in both actions, and for purposes of the disability discrimination claims, there is privity between the Hospital and its employees.

## III.   Conclusion

In accordance with the foregoing, the Court hereby orders:

1.   The motion for leave to proceed *in forma pauperis* (#2) is GRANTED.

2.   The motion for equitable tolling of the statute of limitations (#3) is DENIED without prejudice.

3.   If Howitt wishes to pursue this action, he must show cause within thirty-five (35) days why the complaint should not be dismissed for failure to state a claim upon which relief

---

[4] Further, unless appealed, the denial of a motion to amend can be a final judgment on the merits with regard to the claim a party sought to add through amendment. *See Hatch v. Trail King Indus., Inc.*, 699 F.3d 38-49 (1st Cir. 2012); *cf. Silva v. City of New Bedford*, 677 F. Supp. 2d 367, 370-371 (D. Mass. 2009) ("Courts have . . . distinguished cases where amendment was sought to add a new defendant rather than simply new claims. For that reason, whether a motion to amend seeking to add a new party will preclude subsequent action depends upon whether the parties are identical or in privity under standard rules of claim preclusion." (citation omitted)).

may be granted based on the doctrine of res judicata (claim preclusion).[5]  Failure to do so may result in dismissal of this action by a District Judge.

SO ORDERED.

       /s/ M. Page Kelley
       M. Page Kelley
       United States Magistrate Judge

---

[5] If all the federal claims are barred, Howitt's remaining state law claims would fail since the federal court would have no jurisdiction over them and they could have been adjudicated in the prior state court action.