**UNITED STATES DISTRICT COURT | DISTRICT OF MASSACHUSETTS**

Dan Howitt (pro se),

                                Plaintiff,                                                                1:25CV10100MPK

v

Cambridge Health Alliance - Cambridge Hospital,
                                Defendant.

RESPONSE TO PLAINTIFF'S ATTORNEY TERESA FARRIS'S DOCUMENT #32 FRAUDULENT LOCAL RULE 7.1 CERTIFICATION

MOTION FOR SANCTION AGAINST DEFENDANT DUE TO TERESA FARRIS'S FRAUDULENT AND BAD FAITH LOCAL RULE 7.1 CERTIFICATION, AND OTHER ABUSES

Per my two legally recorded telephone calls with the plaintiff's attorney Teresa Farris (3/19/25 2:44pm 3 minutes 16 seconds; 2:49pm 5 minutes 5 seconds), and I ask the court for leave to provide them to the court on a USB Drive via postal mail, what she states in her Document #32 Certification is extensively fraudulent and negligent:  In malicious bad faith, she severely misrepresents my positions, and omits important statements of mine, and engages in demonization and defamation.  For example, (a) I stated to her that what she stated to me, and what she states in her Motion To Dismiss, was already addressed by the judge in the judge's Show Cause Order, and that the judge, after asking me to provide a response to it, decided to proceed with my Complaint. (b) Mrs. Farris proceeded to repeat herself 4+ times over several minutes with the same statements, such as that I am not permitted to file again in Federal court because the issues have already been dismissed in State court. (c) I then stated that in my Complaint I informed the judge in this court about the State court matter, and that the judge decided to proceed with my complaint based on (a) above.  (d) I then stated to Mrs. Farris that Mrs. Farris was being deceptive regarding the above, and trying to exploit-abuse a pro se litigant.  (e) A few seconds later my telephone lost connection, and I called her again.  (f) She caustically, while I was leaving her a polite voicemail (recorded), interrupted the voicemail, immediately stridently stated, "Why did you hang up!?".  (g) I politely told her the above.  (h) I continued the above discussion, and asked if she was seeking attorney fees from me, and she embarked on stating that she will if I do not dismiss my case, and that she does not want to, but that she will.  (i) I informed her that I have a disability trust that protects my funds from monetary judgment. (j) She repeated yet again the above about that I should dismiss my case, and I replied that I will leave it to the judge to decide.

1

I ask this court if I could submit my above telephone recordings for the purpose of demonstrating Mrs. Ferris's fraudulent and bad faith Local Rule 7.1 Certification, and as a basis to ask that she be sanctioned $1,000.

Mrs. Farris, also in violation of FRCP 5.2, provided my private telephone number, and private email address, in her filing, which are unnecessary, and which, due to the public availability of filings on the Internet, likely will result in abuse against me.  Prior to her above 3/20/26 filing, I sent her on 3/19/26 the below Exhibit 1 email asking her to contact me only at the email address in that email, and she then proceeded to provide my private email address in her filing, clearly for abusive purpose.  I ask the court if it could impound that #32 filing, or redact that information.  Given her above rule violation, and that she added both my private email address and private telephone number for abusive intent, I ask for another $1,000 sanction.

Also in my below Exhibit 1 email, in the 3rd paragraph, I expound in my telephone call with her on what I discuss above, about the preclusion issue, and in her above mentioned filing, she even neglects to include what I state in my email.  Via fraud, neglect, demonization, and bad faith, she has calculatedly engaged in defamation against me in this court, for the purpose of characterizing me as having an array of negative characteristics.  And she succeeded, as is demonstrated in the judge's Document 35 in which the judge accepts her statements as true.  Paradoxically, Mrs. Farris is the culprit.  Abuse-expoiting a pro se like this is reprehensible, and is consistent with her chronic conduct against me.  And I sent her an email today stating that I will only have Local Rule 7.1 conferences with her by email due to all of the above, and asked her to discontinue providing my private contact information in filings.  And I sent her this Response.  She replied by ignoring this Response, and exploiting my obvious mistake in my email (I stated "telephone" rather than "email"), and ignored what I state above about email.  In the court's docket, I have only my below Exhibit 1 email address, and do not provide my telephone number for privacy (I entered a generic number because the efiling system requires a number; I tried "000-000-0000" and "N/A" but it would not accept them).

In Exhibit 2 below, she replies to my above voicemail in which I state, as I do above, that I will only have Local Rule 7.1 conferences by email given all of the above.  She provides a fraudulent response in her email, namely:

"Local Rule 7.1 does not allow for the required conferences to be held via email but requires either in-person or telephone conversations.  It would violate that Rule to engage in a piecemeal email exchange with you."

In fact, the Local Rule 7.1 allows for meet-and-confer requirements to be satisfied through various means, including email, to resolve or narrow issues before filing motions.  One of many sources:

https://thcalaw.com/wp-content/uploads/sites/39/2023/10/IR-Global_ACC_All-Change_Disputes_pgs_12-13-4865-6665-2298-v.1.pdf

Meet-and-Confer Requirement: L.R. 7.1(a)(2) requires counsel for parties to confer and attempt in good faith to narrow or resolve issues before filing a motion.  While the rule requires a "conference," in practice, electronic communication (such as email) is a common method for complying with this requirement by documenting the attempt to confer.

Her above statement is of, yet again, calculated fraud designed to exploit-abuse me as a pro se, including so that she has the continued opportunity to do what demonstrate above, namely to engage in fraud, abuse, neglect, demonization, and defamation, regarding my telephone conferences with her.  Due to this, I ask the court to sanction her for another $1,000.

Submitted by,

Dan Howitt, 3/23/26
Certificate Of Service: Today I served this document to the defendant's attorneys by efile.
Certificate Of Rule 7.1 Compliance: It is obvious that I asked Mrs. Farris to confer only by email, and she did not do so today, as I explain above.

**Exhibit 1**

 **Gmail**

Dan Howitt <dancambridge0@gmail.com>

## FW: 1:25CV10100MPK

**Dan Howitt** <dancambridge0@gmail.com>                                        Thu, Mar 19, 2026 at 4:09 PM
To: "Teresa J. Farris" <tfarris@hmdrslaw.com>, Melissa Bucaria <mbucaria@rmf.harvard.edu>
Cc: Vincent Dunn <VDunn@hmdrslaw.com>, Brenda Pienkos <bpienkos@hmdrslaw.com>, Tammy Ford
<TFord@hmdrslaw.com>

Ms. Farris et al,
I'll be using this email address only.
Re my Local Rule 7.1 telephone conference with you today, I'll add that you did not discuss with me my array of other causes of action that entail compensatory and punitive damages. Also if I'm able to obtain a judgment against the defendant I feel obligated to convey it to the local and state media, and I've been in contact with the three leading Cambridge, MA media, namely the Harvard Crimson (who also covers City matters), Wicked Local, and Cambridge Day. My contact at the Boston Globe recently moved and is working in New Jersey as a journalist now, and I'm waiting for my case with them to be assigned to another journalist.
Also contrary to what you told me, the judge accepted my response to her show cause order regarding the preclusion issue that she herself raised prior to your involvement (and I told her of my superior court case to avoid my having to show cause after your motion to dismiss, or having to file a motion to reconsider), and has accepted my complaint as not being precluded by anything. What you stated that your motion to dismiss will consist of is what she already, herself, prior to your involvement, presented to me (she essentially presented me with a motion to dismiss prior to your involvement).
If you are amenable to attempting to arrive at a settlement, and if you have a monetary offer, and an offer regarding the patient termination, please apprise me by tomorrow 6pm.
Dan Howitt
[Quoted text hidden]

4

**Exhibit 2**

 Gmail

Dan Howitt <dancambridge0@gmail.com>

## FW: 1:25CV10100MPK

**Teresa J. Farris** <tfarris@hmdrslaw.com>                    Fri, Mar 20, 2026 at 12:39 PM
To: Dan Howitt <dancambridge0@gmail.com>
Cc: Vincent Dunn <VDunn@hmdrslaw.com>, Brenda Pienkos <bpienkos@hmdrslaw.com>, Tammy Ford
<TFord@hmdrslaw.com>

Mr. Howitt –

Local Rule 7.1 does not allow for the required conferences to be held via email but requires either in-person or telephone conversations.  It would violate that Rule to engage in a piecemeal email exchange with you.  Further, your emails do not accurately represent our conversations.

I am available today, should you wish to have a further telephone conference.